1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8        **DISTRICT OF NEVADA**
9
10  NATIONAL GENERAL INSURANCE
    COMPANY,
11                                              Case No. 2:14-cv-01845-LDG (PAL)
            Plaintiff,
12                                              **ORDER**
    v.
13
    MICHAEL W. ROBERTSON, *et al*.,
14
            Defendants.
15

16          The plaintiff, National General Insurance Company (National), filed a complaint
17
    seeking a declaration that it does not owe a duty to defend or indemnify:
18
            a) defendants American Motorcycle Association (AMA), Run for the Wall (RFTW),
19
    and American Insurance Company (ACE), in a lawsuit brought against those defendants by
20
    a third party; and
21
            b) defendant Michael W. Robertson for claims arising from the breach of a Release
22
    and Waiver of Liability, Assumption of Risk and Indemnity Agreement between Roberts
23
    and AMA, RFTW, and ACE.
24
            Robertson moves to dismiss (# 6) National's complaint as against him pursuant to
25
    Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule
26

1   12(b)(6) for failure to state a claim.  National opposes the motion (#14), and Robertson has

2   filed a reply (#16).  Having read and considered the pleadings and papers, the Court will

3   deny the motion.

4                    Motion to Dismiss for Lack of Subject Matter Jurisdiction

5          Pursuant to 28 U.S.C. §1332(a), this Court has subject matter jurisdiction over suits

6   in which the parties are citizens of different states, and the amount in controversy exceeds

7   $75,000.  Generally, the amount in controversy is determined from the face of the

8   pleadings.  *See Pachinger v. MGM Grand Hotel - Las Vegas, Inc.*, 802 F.2d 362, 363 (9th

9   Cir. 1986).  "In actions seeking declaratory or injunctive relief, it is well established that the

10  amount in controversy is measured by the value of the object of the litigation."  *Hunt v.*

11  *Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).  "To justify dismissal, 'it

12  must appear to a legal certainty that the claim is really for less than the jurisdictional

13  amount.'"  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (quoting *St. Paul*

14  *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  The Court may consider

15  the maximum amount of coverage under an insurance policy for purposes of determining

16  whether the amount in controversy satisfies the jurisdictional requirement.  *Id.*  For

17  jurisdictional purposes, the amount at stake in the underlying litigation establishes the

18  amount in controversy for purposes of diversity jurisdiction. *Theis Research, Inc. v. Brown*

19  *& Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

20         In his moving papers, Robertson argues that the amount in controversy does not

21  exceed $75,000 because National concedes in its complaint that it is not seeking monetary

22  damages.  The argument is without merit, as National is seeking declaratory relief against

23  Robertson.  As such, the amount in controversy is measured by the value of the underlying

24  litigation.  National has shown that the value of the underlying litigation exceeds $75,000.

25  Robertson has not argued or shown otherwise.  Accordingly, this Court has subject matter

26  jurisdiction over the claim brought against Robertson.

2

<u>Motion to Dismiss for Failure to State a Claim</u>.

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the

3

1   mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the

2   pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Rather, the factual

3   allegations must push the claim "across the line from conceivable to plausible." *Twombly*,

4   550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely

5   explained by lawful behavior, do not plausibly establish a claim.  *Id.* at 567.

6        Robertson argues that National seeks a declaration that it has no duty to defend or

7   indemnify Robertson in an action brought in California by third parties injured in an accident

8   in which Roberston was involved.  The argument is without merit as it is contrary to the

9   plain allegations of the complaint.  In the present suit, National seeks only a declaration

10  that it has no duty to defend or indemnify Robertson "for any claims for or, [sic] arising out

11  of, breach of the Release and Waiver of Liability, Assumption of Risk and Indemnity

12  Agreement," Complaint, p.4, ll.26-27, that Robertson signed in favor of AMA and RFTW.

13  Roberston has not identified any allegation within the complaint suggesting that the third

14  parties that brought the California action against him have alleged claims arising from the

15  breach of the Release and Waiver of Liability agreement.

16       Accordingly, for good cause shown,

17       THE COURT **ORDERS** that Defendant Michael Robertson's Motion to Dismiss (#6)

18  is DENIED.

19

20  DATED this _30_ day of September, 2015.

21

22                                                    _____
                                                       Lloyd D. George
23                                                     United States District Judge

24

25

26

                                         4