# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONAL GENERAL INSURANCE COMPANY,

    Plaintiff,

v.

MICHAEL W. ROBERTSON, *et al*.,

    Defendants.

Case No. 2:14-cv-01845-LDG (PAL)

**ORDER**

    The plaintiff, National General Insurance Company (NGIC), brought this action seeking a declaration that, pursuant to the language of an insurance policy it issued to defendant Michael Robertson, it lacks any duty to defend or indemnify defendants Ace American Insurance Company (Ace); Run for the Wall, Inc. (RFTW); and American Motorcycle Association, Inc. d/b/a Run for the Wall (AMA). NGIC moves for summary judgment (#31) on its sole claim, which motion has been opposed by Robertson (#34), and ACE, AMA, and RFTW (#36). Having considered the pleadings, papers, and arguments submitted by the parties, the Court will grant the motion.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Background

On May 1, 2014, Dale Queenan and Marcia Bourke filed a complaint against Robertson, AMA, and RFTW, and other individuals.  The complaint alleged that Queenan and Bourke, as well as Robertson, were participating in a fundraising event–specifically, a motorcycle tour–hosted by AMA and RFTW on May 20, 2012.  While traveling as a motorcycle procession pursuant to AMA and RFTW rules and regulations, the motorcycles being driven by Robertson and others collided with the motorcycle being driving by Queenan and on which Bourke was riding.  Queenan and Bourke sought damages from

Robertson, AMA, and RFTW, and the other involved riders for their injuries sustained in the collision.

Prior to the accident, Robertson had purchased an insurance policy from NGIC for the motorcycle he was riding that was involved in the accident. At the beginning of the event, Robertson signed a "Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement" on behalf of AMA, RFTW, and their insurer ACE.

In the complaint in the instant matter, NGIC alleges that AMA, RFTW, and ACE tendered the defense and indemnity obligations raised by Queenan and Bourke's lawsuit to Robertson pursuant to the Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement. In turn, Robertson submitted the tender of defense and indemnity of AMA, RFTW, and ACE to NGIC.

NGIC brought the instant action seeking a declaration that, pursuant to the insurance policy it issued to Robertson, (a) it does not have a duty to defend or indemnify Robertson for any claims for, or arising out of, breach of the Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement as between Robertson and AMA, RFTW, and ACE; and (b) it does not have a duty to defend or indemnify AMA, RFTW, or ACE for any claims arising out of the May 20, 2012, accident, including but not limited to the defense and indemnity for AMA, RFTW, and ACE in the lawsuit filed by Queenan and Bourke. They now seek summary judgment as to each requested declaration.

<u>Robertson</u>

In opposing the motion for summary judgment, Robertson has argued that NGIC cannot succeed on its motion because "[d]eclaratory relief is . . . a remedy, not a standalone cause of action," and is "not an independent claim for relief."

Pursuant to 28 U.S.C. §2001, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

4

declaration, whether or not further relief is or could be sought." Both the Supreme Court and the Ninth Circuit long ago recognized that an insurer can, pursuant to this statute, bring an action for a declaratory judgment regarding its duty to defend and indemnify. *Maryland Casualty v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *American States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994).[1]

Robertson next argues that the Declaratory Judgment Act cannot serve as a basis for jurisdiction. The Court agrees, but must note that the argument is irrelevant as NGIC has neither alleged nor argued that this Court has jurisdiction because it filed an action for declaratory judgment. Rather, NGIC alleged that this Court has diversity jurisdiction because each of the parties has a diverse citizenship and the amount in controversy exceeds $75,000. Robertson has not offered any evidence or argument that this Court lacks diversity jurisdiction over this action.

Accordingly, the Court will grant NGIC's motion as to Robertson.

AMA, RFTW, and ACE

Consistent with their complaint, NGIC has offered evidence that ACE, the general liability insurance carrier for AMA and RFTW, tendered to Robertson the defense and indemnification of Queenan and Bourke's lawsuit against ACE's insured. In the letter tendering the defense and indemnication, ACE directed Robertson's attention to the Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement that he had signed prior to participating in the charity motorcycle ride.

---

[1] Robertson's citations to *In re Wal-Mart Wage & Hour Employment Litig.*, 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) and *Stock West Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989) are not well-taken. Neither decision offers any support for his argument. In *In re Wal-Mart*, the court noted only that the request for <u>injunctive relief</u> in that case, despite being denominated as a separate claim, was not a separate cause of action or independent ground for relief. As NGIC has not prayed for injunctive relief, the citation is irrelevant. In *Stock West*, the court noted that the Declaratory Judgment Act could not serve as a basis for a federal court's jurisdiction. The appellate court then affirmed the district court's finding that it had diversity jurisdiction of the action for a declaratory judgment.

In further support of their motion for summary judgment, NGIC notes that the insurance policy covering Robertson's motorcycle provided that it would "pay damages for 'bodily injury' or 'property damage' for which any insured becomes legally responsible because of an auto accident."  The policy also has an exclusion, however, that provides that the policy will "not provide coverage for any 'insured' . . . (5) where the liability was assumed by the 'insured' under any contract or agreement."  NGIC argues that it does not owe a duty to defend or indemnify ACE, AMA, and RFTW because (a) the defendants tendered their defense and indemnification of the Queenan and Bourke lawsuit to Robertson pursuant to the Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement, but (b) the insurance policy purchased by Robertson expressly excludes coverage where liability was assumed by Robertson pursuant to a contract or agreement.

In opposition, ACE, AMA, and RFTW appear to abandon the theory of their demand letter to Robertson that Robertson (and thus Robertson's insurer NGIC) must defend and indemnify them because of the Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement.  Rather, they argue that NGIC must defend them because they are also "insureds" under the policy purchased by Roberston.  The defendants note that the insurance policy defines "insured" to include "[f]or 'your covered auto,' any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part."  The defendants then note that, in their complaint, Queenan and Bourke alleged that "each of the defendants was the employer, employee, agent, servant, principal, partner, joint venturer, franchisee, aider and abettor, alter ego, co-conspirator or subsidiary of the other defendants."  As summarized by the defendants, they are arguing that "AMA and RFTW can be held liable for the injuries that [Queenan and Bourke] sustained as a result of Mr. Robertson's acts or omissions to act during the event."  The defendants also argue, however, that "[i]n addition to direct claims

6

of negligence against AMA and RFTW, [Queenan and Bourke] allege [that AMA and RFTW] are liable based on the acts or omissions of each of the Defendants including NGIC's insured Mr. Robertson, based on his indemnity agreement."

To the extent that ACE, AMA, and RFTW continue to argue that NGIC owes a duty to defend and indemnify because Robertson signed the Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement, the argument is without any merit. The policy that Robertson purchased from NGIC expressly excludes coverage where liability is assumed by an insured pursuant to an agreement. Thus, any duty to defend or indemnify AMA and RFTW that Robertson may have assumed in the Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement is not covered by the insurance policy he purchased from NGIC.

To the extent that ACE, AMA, and RFTW's argument rests on the much narrower theory Queenan and Bourke have sought to hold them vicariously liable for Robertson's actions, and thus AMA and RFTW are "insureds" under Robertson's policy, the argument fails because Queenan and Bourke's complaint does not assert any viable claim that AMA or RFTW can be held vicariously liable for Robertson's actions.

The duty to defend under a liability insurance policy is triggered whenever the insurer "ascertains facts which give rise to the potential of liability under the policy." *United National Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 99 P.3d 1153, 1158 (2004). A potential for coverage . . . exists when there is arguable or possible coverage. *Id.* "Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." *Id.*

The Court assumes, for purposes of this motion, that the insurance policy that Robertson purchased from NGIC obligates NGIC to defend parties that can be held vicariously liable for Robertson's actions relevant to the motorcycle. Thus, any potential

7

coverage would arise if Queenan and Bourke's complaint alleged a claim for vicarious liability against AMA and RFTW arising from Robertson's actions.

In considering whether Queenan and Bourke's complaint alleges a claim of vicarious liability against AMA and RFTW, the Court finds relevant the Supreme Court's guidance in considering the requirements for pleading a cause of action in federal court: a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).

In their complaint, Queenan and Bourke included a boilerplate paragraph generally alleging that "each of the defendants" was an "employer, employee, agent, servant, principal, partner, joint venturer, franchisee, aider and abettor, alter ego, co-conspirator or subsidiary of the other defendants."  The remainder of the complaint, however, lacks any allegation of fact that would plausibly, or even remotely, support the inference that Robertson was an employer of AMA or RFTW, or an employee of the defendants, or an agent, servant, principal, partner, joint venturer, franchisee, aider and abettor, alter ego, co-conspirator or subsidiary of AMA or RFTW.  Other than the boilerplate language, the defendants do not identify any factual allegations in Queenan and Bourke's complaint that would support any theory of vicarious liability against them for Robertson's actions.  Rather, Queenan and Bourke's complaint instead alleges that, like themselves, Robertson was a "participant" in the event that was hosted and sponsored by the defendants.

In the present matter, the defendants have not pointed to any sufficient allegation of factual matter in Queenan and Bourke's complaint that would suggest that Queenan and Bourke have sought to hold them vicariously liable for Robertson's actions.  Rather, they

8

have relied solely upon a paragraph of "labels and conclusions" recited by Queenan and Bourke in their complaint.  The defendants have not identified any facts or theory, whether or not alleged in Queenan and Bourke's complaint, by which AMA or RFTW could be held vicariously liable for Robertson's actions in the accident because Robertson is "an employer, employee, agent, servant, principal, partner, joint venturer, franchisee, aider and abettor, alter ego, co-conspirator or subsidiary" of either AMA or RFTW.  Rather, the complaint instead specifically alleges that Robertson was a participant in the event.  The Defendants have not proffered any theory by which AMA or RFTW can be held vicariously liable for the actions of a participant.

Accordingly, NGIC is entitled to summary judgment because (a) the insurance policy does not cover any liability Robertson assumed by contract or agreement, including any duty that Robertson may have assumed to defend or indemnify AMA or RFTW; and (b) AMA and RFTW are not "insureds" with respect to Queenan and Bourke's lawsuit as Queenan and Bourke did not allege any claims against AMA or RFTW seeking to hold them vicariously liable for Robertson's actions.

Therefore, for good cause shown,

THE COURT **ORDERS** that National General Insurance Company's Motion for Summary Judgment (#31) is GRANTED.

DATED this __31__ day of March, 2016.

_____
Lloyd D. George
United States District Judge

9